United States Court of Appeals
Fifth Circuit

**F I L E D**

January 25, 2006

Charles R. Fulbruge III
Clerk

In the
# United States Court of Appeals
## for the Fifth Circuit

---

m 04-60849
Summary Calendar

---

EMRANA KHAN AND MOHAMMED FAKHRUL AHASAN,

Petitioners,

VERSUS

ALBERTO R. GONZALES,
UNITED STATES ATTORNEY GENERAL,

Respondent.

---

Petition for Review of an Order of
the Board of Immigration Appeals
m A78 316 201
m A78 316 200

---

Before SMITH, GARZA, and PRADO,
   Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited (continued...)

Emrana Khan, together with her husband Mohammed Fakhrun Ahasan as a derivative beneficiary, petitions for review of the denial by the Board of Immigration Appeals ("BIA") of her application for asylum, withholding of

---

[*](...continued)
circumstances set forth in 5TH CIR. R. 47.5.4.

removal and protection under the Convention Against Torture ("CAT"). We deny the petition.

## I.

Khan and Ahasan are natives and citizens of Bangladesh. Before leaving Bangladesh in 1998, Khan and Ahasan were threatened and physically assaulted on numerous occasions by Kamal Chowdhury (also known as Shahjahan Chowdhury), a distant cousin of Khan's father who had wanted to marry Khan. Chowdhury often employed "mastans," criminal gangsters for-hire, to assist him in terrorizing the young couple.

The abuse did not cease even after Khan moved from her home to another city in Bangladesh to complete her education. Khan and Ahasan ultimately left Bangladesh with the understandable goal of fleeing Chowdhury.

After a failed attempt to seek asylum in Canada, Khan and Ahasan entered the United States in March 2002. Ahasan was subsequently picked up by immigration officials in Texas, and he and Khan were charged in April 2002 with removability under 8 U.S.C. § 1182(a)(6)(A)(1) as aliens in the United States without being admitted or paroled.

At their initial hearing before an immigration judge ("IJ"), Khan and Ahasan conceded removability. Khan filed an application for asylum, with Ahasan as a derivative beneficiary, and they applied for withholding of removal and for protection under CAT.

After an evidentiary hearing, the IJ denied petitioners' applications on the ground that the abuse they had received at the hands of Chowdhury was motivated purely by personal animus and could not be considered conduct by a public official acting in an official capacity, Chowdhury's status as a member of parliament in Bangladesh notwithstanding. The IJ ordered petitioners removed to the United Kingdom, or in the alternative Bangladesh, in May 2003. The BIA affirmed.[1]

## II.

Generally, we have authority to review only the decision of the BIA. Where, as here, however, the BIA adopts the IJ's decision in full, we also review the IJ's decision. *See Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997).

Although we review the legal conclusions of the BIA and the IJ *de novo*, *see id.*, we review their factual findings for substantial evidence. *See Zhang v. Gonzales*, 432 F.3d 339, 343-44 (5th Cir. 2005). Under the substantial evidence standard, "reversal [of the IJ] is improper unless we decide 'not only that the evidence supports a contrary conclusion, but [also] that the evidence *compels* it.'" *Id.* at 344 (quoting Z*hao v. Gonzales*, 404 F.3d 295, 306 (5th Cir. 2005)). The alien bears the burden of proving the requisite compelling nature of the evidence. *See Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994).

The Attorney General has complete discretion whether to grant asylum. To be eligible for asylum, an alien must prove that he is "unable or unwilling to return to . . . [his] country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101-

---

[1] In the appeal to the BIA, Ahasan did not raise the denial of his own application for withholding of removal and protection under CAT. Therefore, he is before this court only in the capacity of a derivative beneficiary of his wife's application for asylum.

(a)(42)(A). A well-founded fear of persecution exists if the alien has a subjective fear of persecution that is objectively reasonable. *See Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 445 (5th Cir. 2001).

Unlike asylum, withholding of removal is not discretionary. An alien may not be removed to a particular country if it is determined that "the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). To be eligible for withholding of removal, an alien must demonstrate an objective "clear probability" of persecution in the proposed country of removal. *IRS v. Stevic*, 467 U.S. 407, 413 (1984).

To obtain relief under CAT, an alien must demonstrate not that he is a member of one of the five protected categories of individuals articulated in the eligibility standards for asylum and withholding of removal, but rather that it is more likely than not that he will be tortured if he is removed to his home country. *See Efe v. Ashcroft*, 293 F.3d 899, 907 (5th Cir. 2002).[2] To meet this burden, he may produce

_____

[2] The applicable regulation defines torture as

any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining from him or her or a third person information or a confession, punishing him or her for an act he or she or a third person has committed or is suspected of having committed, or intimidating or coercing him or her or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the
(continued...)

evidence of past torture, an inability to relocate to a safer part of the country, human rights abuses within the country, and any other relevant information. *See* 8 C.F.R. § 208.16(c)(3).

The IJ determined that Khan is ineligible for asylum and withholding of removal because the evidence demonstrated that Chowdhury had terrorized Khan on account of his jealousy and anger at the fact that she had chosen to marry another man. The IJ found no indication that Chowdhury targeted Khan for abuse because of her race, religion, nationality, membership in a social group, or political opinion.

Khan asserts she was in fact persecuted because of her membership in a social group, namely women who live under male domination. She, however, has brought forward no compelling evidence on which we could determine that Chowdhury focused his cruel attentions on her merely because she is a woman, as opposed to the more specific and personal motives, however despicable, he had for lashing out at her. Accordingly, we have no basis for reversing the IJ's denial of her application for asylum and withholding of removal.

With regard to the application for relief under CAT, the IJ found there was no evidence that Chowdhury had abused Khan while acting in his official capacity as a member of parliament or at the instigation or acquiescence of another public official acting in an official capacity. Khan has not pointed us to evidence

_____

[2](...continued)
consent or acquiescence of a public official or other person acting in an official capacity.

8 C.F.R. § 208.18(a)(1) (2000).

sufficient to controvert that determination.[3] Therefore, the IJ's denial of Khan's application for relief under CAT must likewise be upheld.

The petition for review is DENIED.

---

[3] Khan has offered only one basis for overturning the IJ's decision. Citing *Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 354 (5th Cir. 2002), she asserts that the "willful blindness" of the Bangladeshi police to Chowdhury's constant abuse of the couple constitutes official acquiescence in Chowdhury's activities. Khan has not, however, brought to our attention any evidence, other than her and Ahasan's statements, indicating that the failure of the police to apprehend Chowdhury resulted from intentional neglect.