# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 28, 2015

Lyle W. Cayce
Clerk

No. 14-60246
Summary Calendar

MARIA CONSEPCION HERNANDEZ-NAVARRO, also known as Maria
Conseption Hernandez,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A201 064 781

Before JOLLY, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM:[*]

Maria Consepcion Hernandez-Navarro, a native and citizen of Mexico,
petitions for review of the Board of Immigration Appeals' (BIA) dismissal of
her application for withholding of removal.  Hernandez contends she
established she suffered past, and fears future, persecution in Mexico, based

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5th Cir.
R. 47.5.4.

on encounters with her cousin.  She asserts this persecution was on account of her membership in a particular social group:  her family in Mexico.

In seeking withholding of removal based on her membership in a particular social group before the immigration judge (IJ), Hernandez identified the social group to which she belongs as "[i]ndividuals in fear of the violence and gangs in Mexico".  But, on appeal to the BIA, she asserted she belonged to a different particular social group:  her own family.  In her petition here, Hernandez advances her claim based on her membership in her family.  Accordingly, Hernandez' withholding-of-removal claim based on her fear of gang violence is waived because she failed to challenge it before the BIA.  *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).  But, because the BIA addressed her withholding-of-removal claim based on membership in her family, we will consider it.

The BIA's determination that Hernandez is not eligible for withholding of removal is a factual finding reviewed for substantial evidence.  *E.g., Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002) (citation omitted).  Likewise, whether Hernandez demonstrated the requisite nexus between persecution and a protected ground is reviewed for substantial evidence.  *E.g., Thuri v. Ashcroft*, 380 F.3d 788, 791 (5th Cir. 2004).  Under the substantial evidence standard, the BIA's determination will be affirmed unless the petitioner shows "the evidence compels a contrary conclusion".  *Carbajal-Gonzalez v. I.N.S.*, 78 F.3d 194, 197 (5th Cir. 1996) (citation omitted).

The IJ and BIA determined Hernandez did not establish a nexus between any persecution in Mexico and a statutorily protected ground.  *See* 8 U.S.C. § 1101(a)(42) (defining refugee to protect those who suffer persecution in home countries due to race, religion, nationality, social group, or political opinion).  The record establishes Hernandez' cousin acted for personal or

criminal reasons, and not because of Hernandez' membership in any particular social group.  *See, e.g., Khan v. Gonzales*, 164 F. App'x 486, 488 (5th Cir. 2006). In short, the evidence does not compel a conclusion contrary to that of the BIA.

DENIED.